Evan Wiederkehr, Esq. (EW9488)
The Wiederkehr Law Group, P.C.
*Attorneys for Linda M. Tirelli, Esq.*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 297-1100

-------------------------------------------------X
In re:

               Chapter 13

Justo Reyes,

               Case No. 16-22556 (SHL)

  Debtor.
-------------------------------------------------X
In re:

               Chapter 13

Karen Jackson,

               Case No. 16-23514 (SHL)

  Debtor.
-------------------------------------------------X
In re:

               Chapter 13

Janet Berger,

               Case No. 17-22921 (SHL)

  Debtor.
-------------------------------------------------X
In re:

               Chapter 13

Anastasia Cretekos,

               Case No. 18-22239 (SHL)

  Debtor.
-------------------------------------------------X
In re:

               Chapter 13

Frank Occhipinti,

               Case No. 18-22690 (SHL)

  Debtor.
-------------------------------------------------X
In re:

               Chapter 13

Richard Graham Watson,

               Case No. 18-22923 (SHL)

  Debtor.
-------------------------------------------------X

```
-----------------------------------------------------X
In re:                                                  Chapter 13
Douglas Kramer,
                                                        Case No. 18-22940 (SHL)
Debtor.
-----------------------------------------------------X
In re:                                                  Chapter 13
Charmaine J. Brown,
                                                        Case No. 18-23036 (SHL)
Debtor.
-----------------------------------------------------X
In re:                                                  Chapter 13
Janice K. Desmond,
                                                        Case No. 18-23750 (SHL)
Debtor.
-----------------------------------------------------X
In re:                                                  Chapter 13
Suzanne M. Faupel,
                                                        Case No. 19-22007 (SHL)
Debtor.
-----------------------------------------------------X
In re:                                                  Chapter 13
Christopher Rocco Gizzo,
                                                        Case No. 19-22051 (SHL)
Debtor.
-----------------------------------------------------X
In re:                                                  Chapter 13
John Kolkowski,
                                                        Case No. 19-22172 (SHL)
Debtor.
-----------------------------------------------------X
In re:                                                  Chapter 13
Catherine R. Pelle,
                                                        Case No. 19-22229 (SHL)
Debtor.
-----------------------------------------------------X
```

---------------------------------------------------X
In re:

David Daniel Akerib,

Debtor.

Chapter 13

Case No. 19-22276 (SHL)

---------------------------------------------------X
In re:

Sarah Frankel,

Debtor.

Chapter 13

Case No. 19-22281 (SHL)

---------------------------------------------------X
In re:

Malka Farkas,

Debtor.

Chapter 13

Case No. 19-22520 (SHL)

---------------------------------------------------X
In re:

Blossom Joyce Consingh,

Debtor.

Chapter 13

Case No. 19-23034 (SHL)

---------------------------------------------------X

# APPELLANT'S REPLY BRIEF

THE WIEDERKEHR LAW GROUP, P.C.
*Attorneys for Appellant, Linda M. Tirelli, Esq.*
By: Evan Wiederkehr, Esq.
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 297-1100
Email: ew@wiedlaw.com

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................1

**ARGUMENT** ........................................................................................................1

    **I. Appellant Neither Omitted That The Escrow Requirements in Her Client's Plans Were Not Followed, Nor Did She Breach Her Duty of Candor.** ....................1

    **II. The Lower Court Erred by Failing to Seal These Proceedings.** ..........................9

    **III. The Lower Court Erred by Requiring Appellant to Provide a Copy of the Order to Any Judge in which Appellant Serves as Bankruptcy Counsel Until the Committee on Grievances Proceedings are Concluded.** ..........................................10

**CONCLUSION** ...................................................................................................12

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS** .......................................13

# TABLE OF AUTHORTIES

**Cases**

*In re 461 7th Avenue Mrkt., Inc.*, 623 B.R. 681, 691-92 (S.D.N.Y. 2020) ................8

*MacDraw, Inc. v. The Cit Group Equipment Financing, Inc.*, 994 F. Supp. 447 (S.D. NY 1997) ............................................................................................................... 11

*Park National Bank of Houston v. Kaminetzky*, 976 F. Supp. 571, 588-89 (S.D. Tex. 1996) ................................................................................................................... 11

# PRELIMINARY STATEMENT

This brief in reply is respectfully submitted in response to the brief of Appellee, William K. Harrington, United States Trustee, and in further support of the appeal filed on behalf of Appellant, Linda Tirelli, with respect to the April 28, 2023 Memorandum of Decision and Order of the United States Bankruptcy Court for the Southern District of New York (Lane, J.) (the "Order").

# ARGUMENT

## I. Appellant Neither Omitted That The Escrow Requirements in Her Client's Plans Were Not Followed, Nor Did She Breach Her Duty of Candor.

Appellant does not contest the factual assertion set forth at page 16 of Appellee's Brief that eight of the seventeen Chapter 13 Cases included in the lower Court's June 17, 2021 Order to Show Cause (the "Order to Show Cause") involved matters in which the subject Debtors remitted escrow payments to Appellant in accordance with terms of the debtor's Chapter 13 Plan (*In re Berger*, No. 17-22921, *In re Cretekos*, No. 18-22239, *In Re Watson*, No. 18-2293, *In re Akerib*, No. 19-22276, *In re Kowlkoski*, No. 19-22172, *In re Pelle*, No. 22229, *In re Frankel*, 19-22281, and *In re Farkas*, 19-22520). Appellee's concession precludes the need for further analysis of these matters except that including them in the Order to Show

Cause underscores the fact that the Order to Show Cause was improperly expansive by design.

Appellee further concedes that Appellant's duty of candor (first raised by the lower Court after Appellant challenged the fact that the lower Court failed to identify any instance of an alleged actual misrepresentation and was unduly vague) would be satisfied by either "letting the court and parties know that the escrow procedures were not being complied with in the six [out of seventeen referenced cases] or by removing the escrow language from their plans." (Appellee Brief, page 28). The foregoing concession was made twice by Appellee. The first instance is at page 24 of Appellee's brief: "Ms. Tirelli was obligated to remedy it either by letting the court know her clients were not doing so or removing the representation from their chapter 13 plans." Appellant informed both the lower Court and interested parties when funds were not held in escrow just as Appellee represents was required of her.

In furtherance of the underlying brief on appeal, and by way of example, Appellant specifically referenced or participated in proceedings involving the escrow issue as follows:

1. *In re Jackson*, No. 16-23514- Appellant informed the Court, on the record, that Ms. Jackson was making adequate assurance payments directly to the secured creditor, secured a mortgage loan modification and remitted monthly payments to the creditor for approximately two years prior to the

2

dismissal of her case. [*In re Jackson*, Dkt. 166]

2. *In re Faupel,* No. 19-22007- Months prior to the issuance of the Order to Show Cause, Appellant reported to the lower Court that funds were not remitted by the Debtor into escrow. Mr. Jose, on behalf of the Chapter 13 Trustee's Office, confirmed that no accounting was requested and that secured creditors remained able to make appropriate applications to the Court. On March 17, 2021, the lower Court responded to material information provided by Appellant's associate as follows: "All right. And certainly, you have the right to request adequate protection, and I'll leave that issue to you. I think the trustee been just trying to understand whether there had been money set aside and, if so, where it went, but it sounds like the representation is that there has not been any money set aside in this case. And so there was no pile of money that needs to be accounted for, but rather, there just hasn't been any payments for ten years. And so I guess that's where we are." The lower Court had actual knowledge of the fact that no escrow payments were made months prior to the Order to Show Cause. No criticism or complaint was raised months prior to issuing the Order to Show Cause. Any suggestion that this information was withheld or secreted by Appellant is without merit. [*In re Faupel*, Dkt. 194]

3. *In re Gizzo*, No. 19-22051- On March 11, 2020, approximately fifteen

months prior to the Order to Show Cause, in response to direct inquiry on the record made by Mr. Jose, staff counsel to the Chapter 13 Trustee, Appellant responded that she was not holding funds in escrow for adequate protection payments. Once again, no criticism or complaint was raised by the lower Court or any interested party. No directive, or even suggestion, was made to amend the Chapter 13 Plan. [*In re Gizzo*, Dkt., 49, 99]

4. *In re Cretekos*, No. 18-22239- On November 18, 2020, approximately six months prior to the Order to Show Cause, discussion was held on the record regarding a deed in lieu of foreclosure and the Chapter 13 Trustee's Office confirmed that a deed in lieu of foreclosure eliminates the debtor's obligation to pay on the debt. [*In re Cretekos*, Dkt. 194]

5. *In re Akerib*, No. 19-22276- On August 28, 2019, almost two years before the Order to Show Cause, the escrow and payment of adequate protection issues were raised and addressed, on the record. [*In re Akerib*, Dkt. 141]

6. *In re Reyes,* No. 16-22556- On February 17, 2021, several months before the Order to Show Cause, discussion was held on the record concerning an impending motion to dismiss by the Chapter 13 Trustee. Neither the lower Court nor any interested party referenced escrow payments. [*In re Reyes*, Dkt. 194]

7. *In re Pelle,* No. 19-22229- On March 3, 2021, three months prior the Order

to Show Cause, and after the lower Court and interested parties were informed on the record that prior payments remitted to the secured creditor were returned to Appellant, proceedings held on the record confirmed that the Debtor would make adequate protection payment to the lender. [*In re Pelle*, Dkt. 194]

8. *In re Frankel,* No. 19-22281- On September 25, 2019, almost two years before the Order to Show Cause, Appellant informed the lower Court and interested parties that tender of adequate assurance payments to the secured creditor's counsel would be transmitted by mail. Appellant represented that future payments would be made to the lender directly. [*In re Frankel*, Dkt. 194]

The above facts are not subject to dispute. Appellant consistently informed the lower Court and interested parties, on the record, the relevant facts concerning cases in which the Debtors did not remit payments to escrow. Appellee concedes that Appellant satisfied her duties to the Court by doing so when he submits to this Court, "…[Appellant's] duty of candor required her to so something to correct her [allegedly] incorrect representation in the plans, whether by letting the court and parties know that the escrow procedures were not being complied with in the six cases or by removing the escrow language from their plans."

On page 17 of Appellee's brief, it is incorrectly alleged that Appellant did not contest the claims asserted by Janice Desmond at a fee hearing that had nothing to do with the escrow issue. *In re Desmond*, No. 18-23750. Ms. Desmond alleged that she told Appellant that she did not have the funds needed to remit to escrow and that Appellant effectively told to that she need not worry about. At the hearing held on October 20, 2021, Appellant did respond to the false claim asserted and said: "But that settlement shows that my client did receive $146,000 from that sale, which I thought was very important to protect that. Now, back in December when that sale was going to happen, we had earlier had a motion for relief from stay on the first property, and at the hearing on the motion for relief from stay, was September 9, 2020, I did not file an opposition. I explained to my client why I wouldn't file an opposition, because there was no adequate protection being paid. And I did discuss that at that hearing. Any I simply said – I'm quoting right from the record, Your Honor – "I did speak with the debtor and like all my clients, I want them to set money aside for post-petition payments, in this case, it was not done. I don't have a defense for the nonpayment of post-petition payments, Your Honor."" Appellant continued on October 20, 2021, confirming that Ms. Desmond was disinterested in setting aside funds to comply with the plan provision. [A-627].

The lower Court first erred by claiming Appellant made material misrepresentations to the lower Court. Confronted with the legal insufficiency of

the Order to Show Cause that failed to identify any actual material misrepresentation, the lower Court pivoted to instead claim that Appellant allegedly violated her professional duty of candor. Faced with unequivocal evidence that Appellant reported accurate facts concerning these issues in open Court, the criticism shifted again to claim that she did not report quickly enough. Each time legal insufficiency of the criticism was exposed, the criticism shifted, and the bar was moved.

Facts confirm that both the lower Court and the Chapter 13 Trustee's Office were active participants in these proceedings. Not once during the several years that the lower Court presided over these matters did either lower Court Order, or Chapter 13 Trustee request, that Appellant modify her handling of these issues. As previously stated, to the extent the lower Court determined that periodic reporting or accounting were appropriate, Appellant would have easily done so. The lower Court could have entered an Order requiring Appellant to immediately report any instance in which an escrow payment was not made. The lower Court did not do anything to address any alleged concerns or dissatisfaction, instead ignoring its actual knowledge and participation in these proceedings. Appellee suggests that Appellant seeks to deflect blame to the lower Court or Trustees. That is incorrect. Appellant merely points to the fact that she addressed these issues the same way for years without complaint or criticism. Both the lower Court and Chapter 13 Trustee were

7

active participants in these proceedings, regularly receiving information from Appellant concerning the escrow practice. Representations were made by Appellant, on the record, that certain Debtors did not comply with the escrow payment obligation. The lower Court never suggested that Appellant failed to timely provide this information. It is as though the lower Court elected to ignore is active its participation in these various proceedings and insulate itself by improperly charging Appellant, an attorney in good standing, with unethical conduct.

Notwithstanding the alleged "repeated" inquiries made of Appellant and her associate about the status of holdbacks and escrows, never once did the lower Court suggest that Appellant's professional conduct was unethical in the years that it presided over these matters.

The lower Court abused its discretion by basing its decision on the erroneous factual findings and clear error of judgment based upon the facts before it. *In re 461 7th Avenue Mrkt., Inc.*, 623 B.R. 681, 691-92 (S.D.N.Y. 2020).

Appellee's attempted dismissal of Appellant's alleged "granular parsing of the various transcripts" is revealing. Appellant relies upon the best evidence to undermine the false claim that she either failed to provide relevant information or otherwise did not do so in a timely manner. Appellee does not contest the fact that Appellant demonstrated multiple instances of providing timely, substantive

information that precludes any reasonable claim that she was the only professional who knew that certain Debtors did not comply with the escrow requirement.

Reference to the various transcripts of proceedings held over a period of years exposes the improper factual findings of the lower Court that literally ignored years of proceedings held on the record in multiple cases. Whether the lower Court did not recall prior proceedings, or chose to ignore them, is immaterial. Appellant did exactly as Appellee suggests ethical considerations required her to do by informing the lower Court of certain Debtors' non-compliance with the escrow provisions well before the Order to Show Cause, the Order, or this appeal.

To the extent Appellee claims that Appellant conceded alleged unethical conduct or lack of candor by reason of the bookkeeping error impacting her escrow accounting, no such concession was made. Appellant acknowledged the fact that the account was subject to an innocent error and that the appropriate forum to address the issue was the Committee on Grievances. No other admission or acknowledgment was made.

## II. The Lower Court Erred by Failing to Seal These Proceedings.

The lower Court erred by failing to seal these proceedings improperly making them part of the public record in a misplaced effort to embarrass and malign Appellant.

Appellant's underlying appeal brief does largely recite the analysis presented to the lower Court because the lower Court erred by rejecting the substantive arguments raised by Appellant.

Appellee concedes the fact that more than half of the referenced Chapter 13 cases have no nexus to the complaints lodged against Appellant. The facts presented to the lower Court, and as part of this appeal, confirm that the lower Court ignored its actual knowledge of facts and events for the apparent purpose of distancing itself from the very practice that it oversaw in multiple cases for several years. Appellant has been improperly relegated to scapegoat for unknown reasons that do not warrant the lower Court permitting the misplaced criticism and erroneous findings to languish in the public forum.

**III. The Lower Court Erred by Requiring Appellant to Provide a Copy of the Order to Any Judge in which Appellant Serves as Bankruptcy Counsel Until the Committee on Grievances Proceedings are Concluded.**

The lower Court erred by directing that Appellant must provide a copy of the Order to any Judge in which Appellant serves as bankruptcy counsel pending conclusion of proceedings before the Committee on Grievances.

Appellee's reference to legal authority to support the lower Court's Order requiring Appellant to provide a copy of the Order to every Bankruptcy Court Judge before whom she appears in the Southern District of New York is misplaced.

In the matter of *MacDraw, Inc. v. The Cit Group Equipment Financing, Inc.*, 994 F. Supp. 447 (S.D. NY 1997), the sanctioned attorneys were found to have engaged in racist conduct directed at the Court that was undignified or discourteous and was degrading to the Court. There is no applicability of the facts in *MacDraw* to this matter. The mere fact that a Court required attorneys who exhibited deplorable conduct in their interactions with the Court provides no value to this appeal.

*Park National Bank of Houston v. Kaminetzky*, 976 F. Supp. 571, 588-89 (S.D. Tex. 1996) involved attorneys found to have improperly and frivolously removed multiple State Court proceedings to Federal Court without legitimate basis. Although not expressly stated, it is reasonable to understand that the Court in *Kaminetzky* fashioned the requirement a copy of its Order be provided to every judge that presided over a matter involving these attorneys in the five years before the Order because other judges were not necessarily aware of the attorneys' practice of frivolously seeking to remove matters from the State Court to the Federal Court. *Id*.

In this matter, it is not disputed that Appellant terminated the escrow remittance practice in 2019. Consistent with the lower Court's Order issued during the pendency of the Order to Show Cause, all plans were amended to remove the provision and all funds released from escrow. There is no reasonable basis to suggest that the issues involved in the Order to Show Cause are subject to continuation in

11

any respect. It is unduly punitive and perhaps intended to embarrass Appellant and inhibit her professional practice. Moreover, there is no prescribed manner for service of the Order. Merely filing it on unrelated dockets (that are often already overburdened) without context or apparent basis serves no useful purpose.

## CONCLUSION

For the reasons set forth above together with the underlying appeal brief, the Order to Show Cause should be reversed or modified by holding that Appellant did not make misrepresentations or lack candor, the underlying proceedings should be sealed and the obligation to provide a copy of the Order to all presiding Judges in which Appellant is bankruptcy counsel of record pending conclusion of Grievance Committee proceedings should be vacated.

Dated:     White Plains, New York
            October 25, 2023

THE WIEDERKEHR LAW GROUP, P.C.
*Attorneys for Linda M. Tirelli, Esq.*

By: _____
 EVAN WIEDERKEHR, ESQ. (EW9488)
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 297-1100
Email: ew@wiedlaw.com

12

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the word limit of F.R.B.P. 8015(a)(7) because, excluding the parts of the brief exempted by F.R.B.P. 8015(g), this brief contains 2,701 words.

2. This brief complies with the typeface requirements of F.R.B.P. 8015(a)(5) and the type-style requirements of F.R.B.P. 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in size 14, Times New Roman font.

Dated: October 27, 2023

By: _____
EVAN WIEDERKEHR, ESQ. (EW9488)
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 297-1100
Email: ew@wiedlaw.com