

# THE WIEDERKEHR LAW GROUP, P.C.

EVAN WIEDERKEHR, ESQ., C.F.L.  
SARAH MONACO, ESQ., C.F.L.

ONE NORTH LEXINGTON AVENUE, 11TH FL.  
WHITE PLAINS, NEW YORK 10601  
TEL: (914) 297-1100  
FAX: (914) 297-1199

November 12, 2023

Hon. Philip M. Halpern  
The Hon. Charles L. Brieant Jr.  
Federal Building and  
United States Courthouse  
300 Quarropas Street  
White Plains, New York 10601

      Re:    In Re Justo Reyes  
               SDNY Bankruptcy Case No. 16-22556 (CGM)  
               USDC SDNY Case No. 23 cv 4185 (PHM)

Dear Honorable Sir:

      We are the attorneys for the Appellant, Linda M. Tirelli, in the above-referenced matter. Please accept this letter application to respectfully request that this Court consider this supplemental submission to expand upon the errors of fact and law contained in the Bankruptcy Court's April 28, 2023, Decision and Order appealed from by reason of its reliance upon proceedings in the matter of *In re Desmond*, No. 18-23750.

      Pages 14 and 58 of the Order appealed from referenced and adopted the representations made by the debtor, Ms. Desmond, finding that Appellant lacked candor with respect to the subject escrow procedures. [A-342, 386-387]. The lower Court adopted Ms. Desmond's claim that Appellant minimized or disregarded her need to comply with the escrow provisions of her Chapter 13 Plan to incorrectly conclude that Appellant failed to either undertake to amend the Chapter 13 Plan or inform the lower Court that the escrow protocols were not being adhered to in the subject cases.

      The lower Court erred as a matter of law by relying upon Ms. Desmond's October 20, 2021, self-serving representations, made in the context of a fee application hearing brought by Appellant, because Ms. Desmond was never placed under oath to testify truthfully (during either the morning or afternoon sessions held on that day). [A-616]. The record confirms it was never done. [A-616-639].

Pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, Rule 603 of the Federal Rules of Evidence, Oath or Affirmation to Testify Truthfully, governs this issue.

Rule 603 of the Federal Rules of Evidence provides, "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience."

The lower Court adopted Ms. Desmond's "testimony," in direct violation of Rule 603 of the Federal Rules of Evidence, finding Appellant lacked candor and committed an ethical violation as an officer of the Court.

The October 20, 2021, appearance concerned Appellant's fee application. The lower Court addressed Ms. Desmond, in relevant part, "So I'm happy to hear anything that you'd like to say on the fee application that's now before the Court." [A-619]. At no point on October 20, 2021, was Ms. Desmond directed or requested by the lower Court to provide any oath or affirmation to testify truthfully. Moreover, Appellant was not afforded the opportunity to cross-examine Ms. Desmond despite Appellant having specifically and factually contradicted Ms. Desmond's claims that day.[1]

The lower Court improperly relied upon Ms. Desmond's testimony twice in the Order appealed from (pages 14 and 58), underscoring the failures of the lower Court's factual and legal conclusions. [A-342, 386-387].

Page 58 of the Order appealed from provides, in part:

> In sum, the representation in the Debtors' plans about the escrowing of these funds was clearly inaccurate in numerous cases and something that Ms. Tirelli would have reason to know was the case given the facts here. To the extent that her knowledge cannot be inferred from the facts already discussed-and the Court believes it can-there is one particular case that confirms that Ms. Tirelli knew the inaccuracy of her representations as to the escrow of funds. In the case of *Janice Desmond*, Case No. 18-23750, the Debtor asserted that when she told Ms. Tirelli that she did not have the money to put into escrow, Ms. Tirelli's response was "don't worry about, we'll talk about it again." Hr'g Tr. 6:3-5 (October 20, 2021)[Case No. 18-23750, ECF No. 99]. The Debtor added, "And I'll be honest with you, I never thought about it again, and I never heard anything from Ms. Tirelli about it, that I still need to start putting money in there." *Id.*

---

[1] At the same October 20, 2021, hearing on Appellant's fee application, the compromised fee application was settled and approved by the lower Court (with payment for services rendered by Appellant. The debtor's 100% funded Chapter 13 Plan was also confirmed by Judge Lane The foregoing relief was granted notwithstanding Ms. Desmond's failure to remit funds into Appellant's escrow prior to plan amendment. [A-636-638].

at 6:5-7. By failing to amend the plans or bring to the Court's attention that the escrow procedure set out in the plans was not working as envisioned, this Court was purposefully kept in the dark. The totality of the record clearly demonstrates that the problem here was not one of inadvertent mistake. [A-329-391].

The lower Court specifically relied upon the unsworn testimony of Ms. Desmond, violating both Rule 603 of the Federal Rules of Evidence and Appellant's substantive rights.

Pages 22 and 23 of Appellant's underlying appeal brief make specific reference to the proceedings concerning Ms. Desmond held on September 20, 2020, more than eight months before the Order to Show Cause. Appellant reported to the lower Court, in response to a creditor's lift-stay motion, that just like all her clients, she wanted Ms. Desmond to set money aside for post-petition payment but in this case, it was not done. [*In re Desmond*, Dkt. 99]. Accordingly, the lower Court, together with all interested parties, were provided with actual knowledge by Appellant confirming that Ms. Desmond did not make escrow payments long before the Order to Show Cause.

Additionally, on October 20, 2021, the lower Court communicated with Ms. Desmond, in relevant part:

> So if something's changed, a property is sold or there's certain payments – creditors no longer being paid, there's something going on, then the plan at the time that it's brought before the Court for confirmation, should be as up-to-date as possible to really be consistent with what's going on. So that's the context to – that might help explain why you were being asked to sign an amended plan and that that needed to happen before a discharge, meaning that the plan gets confirmed, that's fully funded, and they you get your bankruptcy discharged. So that's – I just wanted to get that bit of information out there.[A-630].

The lower Court acknowledged that Appellant had previously requested of Ms. Desmond that she amend her Chapter 13 Plan. This knowledge was ignored by the Order appealed from and improperly pointed to *In re Desmond* to conclude that Appellant "purposefully kept [the lower Court] in the dark." [A-386-387].

An attorney's integrity is critical to her professional standing. It is respectfully requested that this Court consider the foregoing references to Federal statute and the record already before this Court when determining this appeal. There is no prejudice to Appellees by this submission. It serves only to illuminate prior proceedings in the record and underscore the fact the lower Court ignored every

Hon. Philip M. Halpern
November 12, 2023
Page 4

instance in which Appellant reported timely and overtly, preferring instead to advance its improper narrative of ethical lapse that is belied by the facts.

    Thank you for your consideration.

Respectfully submitted,

Evan Wiederkehr

cc:    Frederick G. Hall, Esq. (via email)
        Denis Jose, Esq. (via email)
        Linda M. Tirelli (via email)