

U.S. Department of Justice

Executive Office for United States Trustees

Office of the General Counsel

441 G Street, NW, Suite 6150    Voice - (202) 307-1399
Washington, DC 20530    Fax - (202) 307-2397

November 13, 2023

*Transmitted via CM/ECF*

Hon. Philip M. Halpern,
United States District Judge
Hon. Charles L. Brieant Jr.
Federal Building & Courthouse
Courtroom 520
300 Quarropas Street
White Plains, NY 10601

Re:   *In re Justo Reyes*, No. 23-CV-04185 (PMH) (S.D.N.Y.),
      Response to Appellant's Unauthorized Supplemental Brief, ECF No. 25

Dear Judge Halpern,

     I am counsel of record for William K. Harrington, United States Trustee for Region 2. I write in response to Appellant Linda Tirelli's unauthorized November 12, 2023, supplemental brief in this bankruptcy appeal. ECF No. 25.

     Ms. Tirelli's unauthorized supplemental brief does not argue that any new case law or newly discovered fact is relevant to this Court's consideration of her appeal. *See* Fed. R. Bankr. P. 8014(f) (Citation of Supplemental Authorities). Instead, the supplemental brief describes proceedings from *In re Desmond*, No. 18-23750 (Bankr. S.D.N.Y.). *Desmond* is one of six cases in which, despite Ms. Tirelli's representations that she would hold payments due to secured creditors in escrow, she never held any money.

     Ms. Tirelli discussed the *Desmond* case in both her opening brief and her reply brief. *See* ECF No. 16 at 22-24 & 34-35; ECF No. 21 at 6. She does not explain why she could not have presented any non-duplicative arguments in those two briefs.[1] Indeed, the supplemental brief makes two arguments: *first*, that the bankruptcy court relied on unsworn statements by Ms. Desmond, and *second*, that Ms. Tirelli told the bankruptcy court Ms. Desmond was not paying into escrow. She made these same arguments in her opening brief and her reply brief, *see* ECF

---

[1]   This is the second unauthorized brief filed by Ms. Tirelli concerning the Order to Show Cause. Her first unauthorized brief was filed in the bankruptcy court and stricken by that court. App. at A353 n.18; *see also* ECF No. 18 at 19 n.11.

No. 16 at 22-24; ECF No. 21 at 6, making this supplemental brief unnecessary and a waste of time and judicial resources.

      To avoid further burdening this Court, the United States Trustee will briefly state that, in the bankruptcy court, Ms. Tirelli had an opportunity to address Ms. Desmond's claim that Ms. Tirelli told her not to worry about being unable to make escrow payments—App. at A620 – A621—and did not contest it.[2] Given the lack of dispute, the bankruptcy court could rely on Ms. Desmond's statements. And the fact that Ms. Tirelli told the court in September 2020—nearly two years after the chapter 13 plan represented Ms. Tirelli would hold Ms. Desmond's mortgage payments in escrow—that she was not holding any money for Ms. Desmond does not excuse the fact that Ms. Tirelli concealed the non-payment for almost two years. Nor does it excuse her continuing to conceal the non-payment in five other cases. Nor does it excuse her affirmatively misrepresenting that money that was paid into escrow was safe when it was not safe. *See* ECF No. 18 at 31.

      I thank the Court for its consideration of this letter.

Respectfully submitted,

S/ *Frederick G. Hall*
Frederick Gaston Hall
Trial Attorney

cc:      Counsel of record (*via CM/ECF*)

---

[2] Ms. Tirelli argues that she did contest Ms. Desmond's statement because she told Ms. Desmond that she could not oppose a motion for relief from the bankruptcy stay "because there was no adequate protection being paid," and had previously told the bankruptcy court that "I did speak with the debtor and like all my clients, I want them to set money aside for post-petition payments." *See* ECF No. 21 at 6 (citing App. at A627). But neither statement contradicts Ms. Desmond's claim that, at the outset of the case, Ms. Tirelli told her not to worry about escrowing payments. All Ms. Tirelli argued was that, when a creditor moved for relief from the stay, she told Ms. Desmond she should have been escrowing payments.